UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60822-CIV-DIMITROULEAS/TORRES

RODNEY JAMES, and all others similarly
situated,

       Plaintiff,

v.

WASH DEPOT HOLDINGS, INC. a Delaware
Corporation qualified to business in the State of
Florida.

       Defendant.
_____/

**PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50(b) AND MOTION TO AMEND OR ALTER THE FINAL JUDGMENT, IN THE ALTERNATIVE MOTION FOR NEW TRIAL ON THE MINIMUM WAGE CLAIMS**

       Plaintiff, Rodney James ("James"), through his undersigned attorneys, hereby moves the Court pursuant to Federal Rule of Civil Procedure 50(b) for judgment as a matter of law, to Alter or Amend the Final Judgment, pursuant to Rule 59(e), or in the Alternative for New Trial on the Minimum Wage Claims, pursuant to Rule 59(a), and states:

## BACKGROUND

       Plaintiff filed this action pursuant to §§ 206 and 207 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, for failure to pay minimum wage and overtime wages. Additionally, James brought claims for retaliation under 29 U.S.C. § 215(A)(3), the Florida Civil Rights Act (*Florida Statutes* § 760.01 *et seq.*), and the Florida Whistleblower Act (*Florida Statutes* § 448.101 *et seq.*).  The Court granted summary judgment in favor of the Defendants as

to the latter claims (for retaliation and discrimination), but allowed James's minimum wage and overtime claims to go to the jury.

The case was tried to a jury on November 27-30, 2006, with the jury returning a verdict in favor of the Defendant as to James' minimum wage claim, but in favor of James as to his overtime claims.  The jury awarded James the full amount of money that he sought for overtime, as he calculated his damages:  $1,746.81.  Later on November 30, 2006, this Court awarded James an equal amount (as is customary) as liquidated damages, after it heard post-trial arguments on that issue.

James's minimum wage claim was threefold:  1) $7.15 for week #7 as admitted by Shane T. Munoz, Esq. in his opening, and by Greg Anderson while on the witness stand; 2) $65.07 for week #2 as calculated by James, and the remainder was for hours that James said that he worked for which he was not compensated at all ($1,452.30).

James seeks judgment as a matter of law in his favor (and the alter or amend the Final Judgment to reflect that) as to a portion of his minimum wage claim, that is, numbers 1) and 2) set forth above, because 1) was an admitted violation by the Defendant and the conclusion that 2) was a violation is required, because the jury awarded James his total amount of overtime, and that total amount was predicated on the fact that the $209.58 James earned that week, when divided by 53.33 hours = $3.93, which is a minimum wage violation.  James assumed this minimum wage violation (and brought up the $3.93/hr to $5.15/hr) when he calculated that his overtime totaled $1,746.81.  Moreover, regardless of what the jury found or did not find, it is clear through simple mathematics that there was a minimum wage violation for week #2 as set forth above.  Accordingly, the Court should enter judgment as a matter of law in James's favor for $72.22, and alter or amend the Final Judgment to reflect that ruling.

Judgment as a matter of law as to the remainder of James's minimum wage claim ($1,452.30) should also be granted because, in this case, the minimum wage verdict is contrary to great weight of the evidence, given that some minimum wage claims were admitted, and concerning the remainder, James, Enniston Peete, and Elton Altemar testified that James worked anywhere from 50-70 hours per week, and James pay records do not reflect that James, given those hours worked received his minimum wage.  Also, there was considerable testimony that James was ordered by Hopkins to perform tasks that were not of the nature of a greeter, and that James was not compensated for those tasks.  Accordingly, James should be granted a new trial on his minimum wage claim.

Alternatively, James moves for a new trial on his minimum wage claim, not just the $72.22 but the entire claim, because the jury's verdict as to his minimum wage claims was against the great weight of the evidence.

## MEMORANDUM OF LAW

### I.      Legal standard for granting a Rule 50(b) Motion

The standard in the Eleventh Circuit for granting a judgment as a matter of law is well established:

> In considering a motion for judgment as a matter of law, a court must view all the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. The motion should be granted only if upon such consideration, the court finds that reasonable people in the exercise of impartial judgment could not arrive at a contrary verdict.  The court may not waive the evidence or decide the credibility of the witnesses.  (citations omitted).

*Isenbergh v. Knight-Ridder Newspaper Sales, Inc.*, 97 F.3d 436, 439 (11th Cir. 1996).  "The nonmoving party must provide more than a mere scintilla of evidence to survive a motion for judgment as a matter of law; 'there must be a substantial conflict in evidence to support a jury

question.'"  *Id.  See also Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989).  The

standards for motions for a directed verdict and for judgment notwithstanding the verdict are the

same.[1]  *Johnson v. Bryant*, 761 F.2d 1276, 1279 (11th Cir. 1983).   "A post-verdict motion for

judgment as a matter of law should only be granted where 'reasonable [jurors] could not arrive at

a contrary verdict.'"  *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996).  "A judgment as

a matter of law is warranted '[I]f during trial by jury a party has been fully heard on an issue and

there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that

issue.'"  *Richardson v. Leeds Police Dep't*, 71 F.3d 801, 805 (11th Cir. 1995).

    In disposing of such a motion, the court must consider all of the evidence in the light and

with all reasonable inferences most favorable to the party opposed to the motion.  *Tate v.

Government Employees Ins. Co.*, 997 F.2d 1433 (11th Cir. 1993).  The evidence to be re-

evaluated extends to all the evidence taken at trial, not just evidence favoring the non-movant.

*Wright v. Commercial Union Ins. Co.*, 818 F.2d 832 (11th Cir. 1987) (emphasis added).  If, after

considering all the evidence, the court concludes that the jury's verdict is not supported by

substantial evidence, or "evidence of such quality and weight that reasonable and fair-minded

jurors in the exercise of impartial judgment might reach different conclusions", then the court

must grant the motion.  *Zaklama v. Mt. Sinai Medical Center*, 842 F.2d 291, 295 (11th Cir. 1988).

In light of all of the evidence presented at trial, it is submitted that no reasonable jury could have

denied James minimum wages totaling $72.22 for the reasons set forth above.

---

[1] Rule 50 was revised in 1991.  The new terminology, "judgment as a matter of law," replaces the former
"directed verdict" and "judgment notwithstanding the verdict."

## II.     The Legal Standard for Granting A Motion to Alter or Amend a Judgment

The rule itself states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  A Rule 59(e) motion is properly raised after the entry of final judgment on a disputed issue.  "[T]he decision whether a particular pending motion falls under Rule 59(e) will of necessity determine whether an otherwise final judgment is appealable." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 177 (1989).  In this case, the November 30, 2006, is such a Final Judgment.  A motion to alter or amend a judgment may be granted, among other things, to correct a clear legal error or prevent manifest injustice.  *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

In this case, as set forth above, the Court should enter judgment as a matter of law in James's favor for $72.22, and alter or amend the Final Judgment to reflect that ruling.

## III.    The Legal Standard for Granting a Motion for New Trial Under Federal Rule of Civil Procedure 59(a)

Motions for new trial can be granted for a variety of reasons, as follows:

> **(a)  Grounds.**  A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . .

Fed. R. Civ. P. 59(a).  "The law is clear that a district court may grant [a motion for new trial] if the jury verdict is contrary to the great weight of the evidence." *Ard v. Southwest Forest Industries*, 849 F.2d 517, 520 (11th Cir. 1988).  "[W]hen considering a motion for new trial, the trial judge may weigh the evidence, but it is proper to grant the motion only if the verdict is against the great, not just the greater, weight of the evidence." *Id.*  "[W]here the verdict suggests that the jury was confused and misapplied the law, it is not an abuse of discretion to grant a new trial." *DeLong Equip. Co. v. Washington Mills Electro Mining Corp.*, 990 F.2d 1186, 1206-07

(11ᵗʰ Cir.), *opinion amended*, 997 F.2d 1340 (11ᵗʰ Cir.), *cert. denied*, 510 U.S. 1012 (1993). James seeks a new trial as to the minimum wage claim to the extent the Court does not grant James's Motions for Judgment as a Matter of Law and to Alter or Amend the Judgment.

In this case, the minimum wage verdict is contrary to great weight of the evidence, given that some minimum wage claims were admitted, and concerning the remainder, James, Enniston Peete, and Elton Altemar testified that James worked anywhere from 50-70 hours per week, and James pay records do not reflect that James, given those hours worked received his minimum wage.  Also, there was considerable testimony that James was ordered by Hopkins to perform tasks that were not of the nature of a greeter, and that James was not compensated for those tasks.  Accordingly, James should be granted a new trial on his minimum wage claim.

## CONCLUSION

For the foregoing reasons, James respectfully request that the Court enter judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) as to his minimum wage claims and alter or amend the judgment, or in the alternative, award him a new trial as to his minimum wage claims.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 14, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record (Peter W. Zinober, Esq., Zinober & McCrea, P.A., 201 East Kennedy Boulevard, Suite 800, Tampa, Florida 33602) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

> Glasser, Boreth, Ceasar & Kleppin
> Attorneys for Plaintiff
> 8751 W. Broward Blvd.
> Suite 105
> Plantation, FL 33324
> Tel.  (954) 424-1933
> Fax  (954) 474-7405
> E-mail:  Glabor@aol.com
>
>
> By___s/Chris Kleppin_____
>        Chris Kleppin
>        Fla. Bar No. 625485

C:MyDocuments/James/Rule50(b)Motion/12/14/06

7